Voorhies *v.* Granberry.

## WM. M. VOORHIES, JR., *v.* JAS. M. GRANBERRY.

MARRIED WOMEN. *Powers of.* Where the wife's estate is not what is technically called a "separate estate," but is an estate conveyed to her by deed in fee simple without restriction or limitations, she may, with her husband, convey her land in trust to secure a debt of the husband. The act of 1869-70 does not affect such a case.

Case cited: *Bayliss* v. *Williams,* 6 Col., 449.

Code cited: Sec. 2486 *a, b, c, d, e* and *f.*

### FROM MAURY.

Appeal from the Circuit Court. WILLIAM P. MARTIN, J.

WRIGHT & WEBSTER for Voorhies.

THOMAS & BARNETT for Granberry.

DEADERICK, C. J., delivered the opinion of the court.

This is an action of ejectment, begun in the Circuit Court of Maury county, by Granberry against Voorhies, and, upon an agreed state of facts, submitted to the determination of the Judge, without the intervention of a jury.

The facts are, that Granberry loaned Voorhies $7,000, for which he took his note, and Voorhies and his wife executed a deed of trust to James H. Thomas for a tract of land belonging to the wife to secure the note.

The deed was acknowledged by the husband, and privy examination of the wife had, in due form, and was registered.

Voorhies *v.* Granberry.

The note was not paid at maturity, and the land was sold, in conformity with the provisions of the trust deed, and Granberry became the purchaser.

He took a deed of conveyance from the trustee, and instituted his action of ejectment to recover the possession of the land.

The plaintiff in error maintains that the wife had no power to convey her land in a joint deed with her husband to secure his debt, and this is the question submitted to the court, with the agreement that if the court was of opinion that she had such rights judgment should be rendered for the plaintiff below, otherwise for the defendant.

The court adjudged the question in favor of the plaintiff below, and the defendant appealed to this court.

This precise question was adjudged by this court at Brownsville at its April term, 1869, when it was held that the wife may unite with her husband in the execution of a mortgage to secure money loaned to her husband (6 Col., 449), and at the last term at Jackson the same thing was held.

We do not think sec. 2486 *a, b, c, d, e, f* of the Code affect the questions arising in this case. These several sections of the act of 1869–70, except 2486 *c*, being the third section of the act by the sec. 2486 *f* of the Code, are restricted in their application to married women, who have abandoned, or been abandoned by, their husbands, and to cases of insanity of the husband, or non-cohabitation between the parties. The sec. 2486 *c* gives to "married women owning a

45—VOL. 5.

*separate estate settled upon them, and for their separate use,* the power of disposition by deed, or will, or otherwise," where such power is not expressly withheld by the deed or will under which they take the property.

This section seems to have been intended to settle the question, as to which the authorities are somewhat conflicting—that is, whether, when a married woman takes a conveyance of separate estate, there being no words either restricting or authorizing her to convey, she may do so; some cases holding that she cannot convey, because there is in the conveyance to her no power to do so; others, that she may, because there is no prohibition against the exercise of such power.

But that question does not arise in this case. The wife's estate is not, in this case, what is technically called a "separate estate," but is an estate conveyed to her by deed in fee simple, without restrictions or limitations.

The judgment of the Circuit Judge was in favor of plaintiff below, and we affirm his judgment.